UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD KIM,<br><br>Defendant. | **INDICTMENT**<br><br>25 Cr.<br><br>**25 CRIM 359** |

## COUNT ONE
### (Securities Fraud)

The Grand Jury charges:

1.  Between February and July 2024, RICHARD KIM, the defendant, engaged in a scheme to defraud investors and prospective investors in Zero Edge Corporation ("Zero Edge"), a cryptocurrency gaming start-up for which he served as Chief Executive Officer. KIM made materially false and misleading statements about the company's development of a blockchain and cryptocurrency-enabled gaming app, inducing investments of more than $4 million in Zero Edge. After obtaining investors' funds, KIM misappropriated them by transferring them to personal accounts, where he made leveraged cryptocurrency trades and gambled away substantially all the company's money.

### KIM Raised Millions to Fund a Crypto Gaming App

2.  RICHARD KIM, the defendant, announced the launch of Zero Edge on LinkedIn on or about March 29, 2024. According to KIM's post and subsequent marketing statements, Zero Edge would be an online casino built on blockchain and cryptocurrency technologies. KIM represented to prospective investors that Zero Edge would "develop a number of onchain games," beginning with craps. KIM told investors that he would develop Zero Edge in seven phases with multiple release milestones, and that Zero Edge would also offer other games including roulette,

baccarat, and blackjack. KIM solicited investments in Zero Edge through pitch decks and investor communications in which he represented that investor funds would be used for the development of the company's technology. KIM also told investors that the company would maintain internal compliance controls and that investors would have approval rights over certain business matters, including transactions with executives.

3. Based on his representations, RICHARD KIM, the defendant, raised approximately $4.3 million from investors.

### KIM Gambled Away His Investors' Funds

4. Rather than use the investors' funds to develop Zero Edge technology, RICHARD KIM, the defendant, defrauded investors by using their money in a manner contrary to his representations, and by misappropriating it for personal uses. Indeed, shortly after closing on a $4.3 million seed financing round in June 2024, KIM diverted approximately $3.8 million of investors' funds first into a personal cryptocurrency account held at Coinbase and then sent nearly approximately $1 million on to a variety of other crypto exchanges, including Binance, Kraken, and Backpack. Between on or about June 21, 2024 and June 27, 2024, KIM made transfers of approximately $7 million, and net transfers of approximately $1 million, from Coinbase and Kraken to a personal account held at Shuffle.com, which advertises itself as a "VIP Crypto Casino and Sportsbook." KIM also directed a net sum of approximately $450,000 to other cryptocurrency wallets with unknown owners, and transferred approximately $145,000 more from Kraken to a personal checking account at TD Bank. KIM continued to solicit investor funds even after he had already begun making cryptocurrency trades with other investors' money.

5. After misappropriating investors' funds, on or about June 29, 2024, RICHARD KIM, the defendant, admitted in an e-mail to some investors that he was "solely responsible for the loss of $3.67m of the Company's balance sheet" following "leveraged trading losses from seed

round financing proceeds" and that the company had lost nearly all its money. In another e-mail sent on or about July 9, 2024, KIM wrote to investors that he "fully acknowledge[d] the breach of trust that [] occurred" and that "[e]ach [investor] trusted me to build something great, and I violated it at the deepest levels, all from my closest friends." Approximately one week after the seed round's closing, KIM also told a Zero Edge investor on a phone call that he had lost approximately $3.7 million of the investors' money. KIM admitted that he began "day trading" investors' funds, losing millions, until the company had only $710,000 left. Despite KIM's selective admissions, he concealed from the company's investors that he had misappropriated the funds and used them at an online casino, telling investors that he had lost the money because of a "treasury management strategy" rather than personal gambling.

6. In an interview with the Federal Bureau of Investigation ("FBI") following his arrest, RICHARD KIM, the defendant, admitted that he knew that investors "100%" would have wanted to know about KIM's trading, that he concealed that information from investors, and that he knew what he was doing was wrong. Indeed, KIM told the FBI that "at no point did [he] think [he] should be gambling investor money on Shuffle," it was "clearly wrong from the beginning," he had committed a "betrayal" of investors, and his conduct was "completely unjustifiable."

## STATUTORY ALLEGATIONS

7. From at least in or about February 2024 through at least in or about July 2024, in the Southern District of New York and elsewhere, RICHARD KIM, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security registered on a national securities exchange and a security not so registered, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme,

and artifice to defraud; (b) making a untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KIM engaged in a scheme to defraud investors in the Zero Edge Corporation by making false and misleading statements to current and prospective investors regarding the use of investor funds, and by misappropriating those funds.

(Title 15, United States Code Sections 78j(b), 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 6 of this Indictment are repeated and realleged as if fully set forth herein.

9. From at least in or about February 2024 through at least in or about July 2024, in the Southern District of New York and elsewhere, RICHARD KIM, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KIM engaged in a scheme to defraud investors in the Zero Edge Corporation to obtain their money by making false and misleading statements to investors regarding the use of investor funds, by misappropriating those funds, and sent and received, and

caused others to send and receive, emails and other electronic communications to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

10. As a result of committing the offenses alleged in Counts One and Two of this Indictment, RICHARD KIM, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney