UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                       :

UNITED STATES OF AMERICA,         :

                                       :               25 Crim. 359 (LGS)

               -against-           :

                                       :              **ORDER**

RICHARD KIM,                    :

                          Defendant.  :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant Richard Kim moves to quash a search warrant served on OpenAI OpCo, LLC ("OpenAI") pursuant to the Stored Communications Act ("SCA").  The warrant, issued by Magistrate Judge Robert W. Lehrburger, requires OpenAI to produce specified content and information relating to Defendant within OpenAI's possession, custody, or control.  OpenAI was ordered temporarily not to respond to the warrant pending this Order resolving Defendant's motion as set forth below.

      WHEREAS, under the SCA, the Government "may require the disclosure" of specified content and information from electronic service providers by a warrant issued pursuant to the Federal Rules of Criminal Procedure.  18 U.S.C. § 2703(a), (c).  The statute authorizes a service provider to move to quash a warrant in limited circumstances not relevant here.  *Id.* § 2703(d), (h)(2)(A).  The statute does not authorize a customer or subscriber to move to quash a warrant.

      WHEREAS, there is no general right to quash warrants pre-execution.  The Supreme Court has stated that "[t]he Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the 'deliberate, impartial judgment of a judicial officer . . . between the citizen and the police,' and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for

damages."[1]  *United States v. Grubbs*, 547 U.S. 90, 99 (2006) (discussing constitutionality of anticipatory search warrants).  Applying this principle, district courts have "uniformly rejected pre-execution challenges to SCA warrants by the customers or subscribers whose information is sought."  *Google LLC v. United States*, No. Misc. 23-67, 2025 WL 778150, at *5 (D.D.C. Feb. 25, 2025) (collecting cases); *see also Warshak v. United States*, 532 F.3d 521, 523 (6th Cir. 2008) (holding action brought by email accountholder seeking declaration that SCA warrants violate Fourth Amendment not ripe for adjudication).  In light of *Grubbs* and this persuasive authority, Defendant's motion to quash is denied.  It is hereby

ORDERED that Defendant's motion to quash is **DENIED**.  It is further

ORDERED that the portion of the June 15, 2026, Order directing OpenAI not to respond to the warrant is **DISSOLVED**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 52.

Dated:  June 22, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.